## Commonwealth ex rel. O'Boyle v. Parkhouse

*Daniel L. Quinlan, Jr.*, for plaintiff.
*Horace A. Davenport*, for defendants.

GROSHENS, J., November 23, 1964.—This action in quo warranto attacked the legality of the method employed by defendants to select persons qualified to register voters during the registration period beginning June 22, 1964. Argument was held on October 14, 1964, after the close of the registration period, and hence it is now too late to grant the relief sought. However, in anticipation of voter registration in 1965, and to forestall future litigation on the method of selecting registrars, we will set forth with particularity the requirements of section 16 (b) of the Act of April

29, 1937, P. L. 487, 25 PS 951-16 (b), empowering the county commissioners to appoint voter registrars.

The language of the act here in question is as follows: ". . . the commission shall notify in writing, the county chairmen of the political parties enrolling the largest and second largest number of voters within the county at the preceding November election of the filing of the said petition and of the number of registrars the commission will appoint to serve in said boroughs, towns, and townships. Not later than the third day after receipt of said notice, said chairmen shall submit to the commission a list of qualified electors of the county to serve as registrars for said days. Of the registrars appointed by the commission for such registration days, an equal number shall be appointed *from the names on each of the lists so submitted:* Provided, however, That if either or both of said chairmen shall fail to submit such list within the time herein provided, the commission shall appoint an equal number of persons from the list actually submitted, and an equal number of any qualified electors of the county, or shall appoint as all of such registrars, any qualified electors of the county, as the case may be." (Italics supplied.)

This language requires the following to be done:

1. The commission shall notify in writing the county chairman of the Republican party of the number of registrars the commission will appoint to serve in the several boroughs and townships of the county.

2. The commission shall notify in writing the county chairman of the Democratic party of the number of registrars the commission will appoint to serve the several boroughs and townships of the county.

3. Not later than the third day after receipt of said notice, the county chairman of the Republican party shall submit to the commission a list in writing of qualified electors of the county to serve as registrars.

4. Not later than the third day after receipt of said notice, the county chairman of the Democratic party shall submit to the commission a list in writing of qualified electors of the county to serve as registrars.

5. Of the registrars appointed by the commission for such registration days, an equal number shall be appointed from the names on each of the lists so submitted by the county chairmen.

6. If the county chairman of the Republican party shall fail to submit such a list not later than the third day after his receipt of such notice, and the county chairman of the Democratic party shall submit such a list within the time herein provided, the commission shall appoint an equal number of persons from the list submitted by the county chairman of the Democratic party, and an equal number of any qualified electors of the county.

7. If the county chairman of the Democratic party shall fail to submit such a list not later than the third day after his receipt of said notice, and the county chairman of the Republican party shall submit such a list within the time herein provided, the commission shall appoint an equal number of persons from the list submitted by the county chairman of the Republican party, and an equal number of any qualified electors of the county.

8. If both of said county chairmen shall fail to submit his list within the time herein provided, the commission shall appoint as all of such registrars any qualified electors of the county.

9. If either or both of said county chairmen shall fail to submit a list of a sufficient number of qualified electors to serve as registrars, the commission shall appoint as many of any qualified electors of the county as necessary to make up the deficiency on the list or lists in order to provide the number of registrars required.

The foregoing construction is in keeping with the self-evident purpose of the legislature to assure the bipartisan registration of voters, by vesting in the party chairman of each of the two major political parties the first right to select one-half of the registrars at each place of registration.

If the party chairmen and the registration commission conform their future actions to the procedure spelled out in the foregoing opinion further resort to litigation may be avoided.